UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOISES ECHEVARRIA,<br><br>**Plaintiff,**<br><br>v.<br><br>ESSEX COUNTY DEPARTMENT OF CORRECTIONS, et al.,<br><br>**Defendants.** | Civil Action No. 20-498 (SDW)<br><br>MEMORANDUM OPINION |

IT APPEARING THAT:

1. On or about January 14, 2020, Plaintiff Moises Echevarria filed his complaint in this matter. (ECF No. 1). In his complaint, Plaintiff seeks to bring claims under 42 U.S.C. § 1983 arising out of injuries he suffered while incarcerated at the Essex County Correctional Facility. Specifically, Plaintiff alleges that he suffered a hernia and was placed in a medical unit, that despite his having a medical order requiring he be placed on a bottom bunk he was placed by an officer in the top bunk of a cell, that the top bunks do not have ladders, and that he fell and hurt his spine because of this lack of a ladder in light of his medical limitations arising out of the hernia. (*Id.*). In his complaint, Plaintiff named only two Defendants – The Essex County Department of Corrections, seemingly named in lieu of the county jail, and G.I.L. Bane & Co., a corporation whose involvement in this matter is at best unclear as Plaintiff has provided no allegations against the company. (*Id*).

2. Although Plaintiff sought to file this matter *in forma pauperis* (*see* Document 2 attached to ECF No. 1), because of deficiencies in Plaintiff's initial application to proceed *in forma pauperis*, this Court administratively terminated this matter on January 17, 2020. (ECF No. 2).

1

3. On or about February 13, 2020, Plaintiff filed a second application to proceed *in forma pauperis*. (ECF No. 3). Because it is clear from the application that *in forma pauperis* status is warranted in this matter, that application is granted.

4. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. In order to plead a plausible claim for relief under § 1983, a plaintiff must plead facts showing that the named defendants had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). In his complaint, Plaintiff pleads no facts relating to any actions taken by Defendant G.I.L. Bane & Co. related to his injuries, and as such he has failed to plead a plausible claim for relief against the company. Defendant G.I.L. Bane & Co. is therefore dismissed from this matter without prejudice.

8. Turning to the Essex County Department of Corrections, it is clear that the county DOC is not a proper Defendant in this matter. Neither a county jail nor a county department such as the Essex County Department of Corrections are "persons" amenable to suit under § 1983. *See, e.g., Ewing v. Cumberland Cnty.*, 152 F. Supp. 3d 269, 301 (D.N.J. 2015); *Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). The proper defendant would instead

be the municipality which operates the department or jail, in this case Essex County. *Ewing*, 152 F. Supp. 3d at 301. The Essex County Department of Corrections must therefore be dismissed from this matter with prejudice.

9. As the only two named Defendants shall be dismissed, Plaintiff's complaint (ECF No. 1) shall be dismissed in its entirety. Plaintiff is granted leave to amend his complaint to cure the deficiencies noted herein within thirty (30) days. An appropriate order follows.


Dated: February 20, 2020              *s/ Susan D. Wigenton*
                                      Hon. Susan D. Wigenton,
                                      United States District Judge