# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOISES ECHEVARRIA, | Civil Action No. 20-498 (SDW) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| ESSEX COUNTY DEPARTMENT OF CORRECTIONS, et al., | |
| **Defendants.** | |

IT APPEARING THAT:

1. On or about January 14, 2020, Plaintiff Moises Echevarria filed his initial complaint in this matter. (ECF No. 1). In his complaint, Plaintiff sought to bring claims under 42 U.S.C. § 1983 arising out of injuries he suffered while leaving his top bunk while incarcerated at the Essex County Correctional Facility. (*Id.*).

2. On February 20, 2020, this Court entered an order and memorandum opinion which granted Plaintiff *in forma pauperis*, screened, and dismissed Plaintiff's initial complaint. (ECF Nos. 4-5). In dismissing Plaintiff's complaint, this Court noted that Plaintiff had only named two Defendants – a private corporation against whom he'd made no allegations, and the Essex County Department of Corrections, which is not a proper § 1983 defendant. This Court therefore dismissed the Department with prejudice, and dismissed the remaining defendant without prejudice. (ECF No. 4 at 3-4).

3. On or about March 9, 2020, Plaintiff filed an amended complaint. (ECF No. 6).

4. On March 16, 2020, this Court screened and dismissed the amended complaint as Plaintiff had failed to state a claim as to the only properly named Defendant. (ECF Nos. 7-8).

5. On or about March 23, 2020, Plaintiff filed a second amended complaint. (ECF No. 9). In this second amended complaint, Plaintiff once again names only two Defendants – Essex County, and the Essex County Department of Corrections. (ECF No. 6 at 1). Plaintiff's second amended complaint contains even fewer allegations than his previous complaint – he alleges only that he is assigned to and is forced to sleep in a top bunk, that there is no ladder in his cell to aid him in getting into and out of his bunk, and that he injured his back when he "jumped down from the top bunk." (*Id.* at 3-4). Plaintiff also alleges that the "facility encouraged and promoted practice" of getting on and off of the top bunk is for prisoners to use a window ledge as a step if they cannot get into the bunk without one. (*Id.* at 3). Plaintiff does not allege that there is any official policy suggesting the use of the window ledge, nor does he provide any allegations regarding who "encouraged and promoted" the use of the window ledge. (*Id.*).

4. Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed

factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. Once again, the Court notes that the Essex County Department of Corrections was dismissed from this matter with prejudice in the Court's previous order. As the Department remains an improper defendant under § 1983, *see, e.g., Ewing v. Cumberland Cnty.*, 152 F. Supp. 3d 269, 301 (D.N.J. 2015); *Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5

(D.N.J. April 8, 2015), the Department shall once again be dismissed from this matter with prejudice.

8. Turning to Essex County, the only other named Defendant, Plaintiff has once again failed to plead any facts connecting the County itself to his claims. As this Court previously explained to Plaintiff, in order to plead a plausible claim for relief under § 1983, a plaintiff must plead facts showing that the named defendants had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). To plead a plausible claim for relief against a municipality, such as Essex County, a plaintiff must plead facts showing that the municipal defendant caused the underlying constitutional violation through its issuance or adoption of a policy, practice or custom. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). A municipally enacted policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation to hold the municipality liable. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). Here, Plaintiff identifies no municipally enacted or approved policy, practice, or custom, but merely asserts that someone in the jail "encouraged and promoted" him to use a window ledge to help him get in and out of his bunk if he cannot otherwise do so unaided. Plaintiff has provided no facts connecting this recommended procedure to the County itself rather than some unnamed officer or other actor within the jail, nor has he in any way alleged any facts which would tend to support his unadorned allegation that using the window ledge is in some way a promoted practice. Plaintiff has therefore failed to allege any actual facts which would connect the County to the alleged wrongs, and the County must therefore be dismissed from this action without prejudice. As the County is the only remaining Defendant in the amended complaint, Plaintiff's second amended complaint (ECF No. 9) is dismissed in its entirety.

9.  In conclusion, Plaintiff's second amended complaint (ECF No. 9) is DISMISSED in its entirety.  An appropriate order follows.


Dated: April 9, 2020

*s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge
